May it please the court, Chief Judge Wood, my name is Michael Osbrook, I represent Charles The evidence supporting the finding that Mr. Walker was an habitual offender was insufficient. The evidence of sequence was missing. The state conceded that in the state post-conviction appeal. The Indiana Court of Appeals in Walker 2 specifically found as much. And as a practical matter it should be inconceivable how after the Walker 2 court found trial counsel had lost the sufficiency of the habitual offender finding that appellate counsel was not later that he did not later perform. What would be the point since it looks like all that would happen would be a remand and then your client has apparently quite a lot of convictions all of which were usable. Does everything in this appeal hinge on your proposition that the Donald Jeopardy clause would forbid a remand? Not at all, Your Honor. It is routine. The cases challenging habitual offender, the sufficiency of habitual offender evidence, especially sequence evidence, the number of cases are legion. The Walker 1 court, had it noticed the deficiency would have reversed itself, sua sponte. But I'm not so sure that. But suppose Indiana had a rule, which might even be the case, but I'm assuming the process is hypothetical, that said even on post-conviction relief, if there's a question about commission date, we'll take new evidence to establish that. We'll look behind the charging documents if we need to, we'll have a hearing. So they take new evidence and they discover indeed this 1989 conviction is based on a commission date that's substantially after the 1980. I don't know why the federal constitution would prohibit Indiana from having such a rule. And it seems to me that that's the way the Indiana courts approached this. They said, you know, it's actually pretty obvious what this is, and I think that there was, if I like that, he throws out some dates. So, what I'm essentially saying is that the fact that this is federal hideous corpus affects everything, right? You know, it means that if Indiana is satisfied that the evidence shows this date, if there's no prohibition against the supplemental record, who are we to tell that it can't? I'm not, there is no such rule in Indiana. Indiana prevents because of Weatherford v. State, which I think this court is aware of from Morvie Park, because of Weatherford and a post-conviction petitioner cannot raise directly a sufficiency claim. Actually, the post-conviction petitioner has to show he's not an habitual offender. And then there's the state. I'm lost, I'm sorry, into such a speculative mind with a different slant. The state court appeared to think that there was just no point in raising this, because the only thing that would have happened was to remit it. And if there's no federal constitutional objection to a remand to put in the record a little more information about prior convictions, then there's just no federal claim here. That's why I was asking whether everything turns under a double jeopardy proposition, that a remand is impossible. You answered me, and now I'll answer what you've judged by saying well, but a remand is possible. It's all a matter of a state law, a post-conviction. A remand is possible if you reject the double jeopardy argument. I'm trying to answer the question. Judge Easter's first question. That's why I asked whether everything doesn't turn under a double jeopardy point. And then we have the proposition, which just as we saw in the United States, the double jeopardy clause doesn't apply in our capital sense. It just doesn't. Let me answer your first question more directly. We have no idea what would happen on remand. I disagree that Walker 2 says nothing would have changed on remand, and Walker 2 says, and the district court picked this up too, the district court said Walker's criminal history may well have obscured the missing commission dates. Walker 2 court, the state court, says that Walker's appellate lawyer simply missed the issue, as I read the opinion. And that really isn't possible because the state's habitual offender evidence was contained in 10 pages of transcript and 11 exhibits. To go back to what would have happened on a remand, we have no idea what would happen on a remand. It might be dealt by you, what would happen on a remand. I don't understand why this is any federal issue as opposed to a claim of state law. You may or may not have a good argument under the state habitual offender statute, but that's not an issue of federal law. I'm trying to see whether it's an issue of federal law, apart from a claim that the double jeopardy clause would require a remand. And I don't see how the double jeopardy clause can be involved, given the Supreme Court's view that the double jeopardy clause just doesn't apply to sentences. Again, the state court's view nowhere has expressed, as I read any of the cases, that it just would have been, the result would have been the same on remand. The federal claim here is that Don Pagos performed efficiently within the meaning of Strickland by not raising the sufficiency argument, and that had he raised the sufficiency argument in Walker's direct appeal, which under Indiana procedure is the only place that you can attack the sufficiency of the evidence in an official offender case, that the result of that direct appeal would have been different had he raised that claim. In fact, the remand is irrelevant to the federal claim. I'm into my rebuttal time. I'd like to say a few things. Ms. Moore? May it please the court. To challenge Walker's habitual offender status would be by definition a frivolous issue, because it would not have garnered Walker any real relief. When appellate counsel was considering which issues to raise, he would have recognized that both the law and the facts were against him on this issue. This is so because the evidence presented to the jury was in itself sufficient to support the habitual offender adjudication. Number two, the evidence omitted could easily be remedied by the state on remand, and number three, the law provided at the time, and currently, that double jeopardy did not bar remand for a new hearing. Appellate counsel cannot... So you think it's enough that we know that the charging date for this 1989 burglary was March 31, 1989, the conviction and sentencing dates fall thereafter. Could the inference be wrong that the commission date was after the 1980 robbery? That's all that has to be after. Correct. And yes, I think the inference can be drawn, but Indiana says that that's not enough to make the showing. So indeed, some evidence of the commission date was required. And that could have been, as we know by the evidence, not only in the direct appeal as it was in the appendix, the commission date, but also Walker presented the commission date and the charging information on post-conviction. So we do know what the charging date was, and we do know that the state could readily remedy that issue. So was the commission date someplace in the state court records for 1989? Yes, yes. It was both in the record on direct appeal, so it would have been something that appellate counsel would have seen and known was available, and it was also something presented to the post-conviction court by Walker himself. So that's why I asked the question that I did, because I don't see anything in the federal constitution that would preclude a state from allowing that kind of supplementation of the record, and it would go back and forth in the federal court for which things are categorical, which things permit delving into the facts of the particular situation. But if the state said, you know, you get to, even if this wasn't presented before the jury and it was the state, you're going to make a harmless error of determination by moving you into the record, I don't want to let that violate the federal constitution. And what the state appellate court said in discussing the appellate ineffectiveness of counsel's point, you know, as you point out in brief, what appellate counsel saw was an extensive record with more felony convictions than necessary, and so on. The omission of the commission date wasn't significant, and what they say is obvious in the face of the record. So I see that as their willingness to take a look at the materials you're talking about. Yes, Your Honor. And I think that directly speaks to whether counsel was deficient or not, and what he saw as being a stronger issue, and what he determined based on his review of the evidence was attacking the total sentence as being inappropriate. So if a look at those records had shown that the 1989 burglary, actually the 1989 convictions based on a 1978 event, and then maybe Mr. Walker concealed his identity for many years or something, there had been some reason for a much later prosecution, how should that case come out? Well, I think that is a different case, Your Honor, because we're looking at the probability of the outcome below, and if there is a true deficiency in the sequence, that Walker, for example, could have been given some sort of relief upon remand, that goes into the calculus of not only whether appellate counsel was deficient for not raising it, but also the prejudice analysis. So I think that's a different case than what we have here. The record is clear here, so in that way, we're not speculating as to whether he is a habitual offender, and in fact, Walker has never disagreed that he is, or that his record makes a sufficient showing for that adjudication. If there are no further questions, Your Honors, I would ask that you affirm the district court. Thank you. All right. Thank you very much. Anything further? Appreciate it, Your Honor. How much time do I still have? Three minutes. Three minutes. The federal question here, the respondent raises this as a matter of strategy. Whether it was a strategy of Mr. Pecos, I think is foreclosed. The Indian Court of Appeals in Walker too found that he missed the issue, or alternatively, that the issue wasn't stronger than the sufficiency of identity, or the issue raised in Walker 1, or the absolutely meritless request to vacate the habitual offender finding. I'm not sure I read this, though, as finding that appellate counsel was not performing adequately because the Indiana court is talking about what a miserable record he would have seen had he been thinking of arguing about this. He tried to have Mr. Walker's habitual offender finding vacated. He asked for that in Walker 1. He used a meritless means to have that happen. He had a winning issue. Well, that's where he may not be on the same page. I agree with you that the strategy he chose was not a very promising one, but maybe this one isn't either. It's possible that they're both bad strategies on this point. Mr. Walker, he would have. I don't think there can be any question that the Indiana Court of Appeals in Walker 1, had the issue been raised, would have reversed the habitual offender finding. And that would have been reinstated immediately on the land is what the Indiana Court of Appeals says. Well, except that that depends on the prosecutor. The prosecutor might not want to retry it. It could have been dealt. Well, wouldn't that counsel's choice make that decision? What I'm saying, Judge Kaney, is that I don't believe there's a strategy decision here. If you read Walker 2, there are two grounds. He missed it. And it wasn't stronger than the two meritless issues that he did raise. And actually, if you want to go to what would have happened on a remand, the identity evidence for the 89th robbery was extremely weak. A probation offer testified that Mr. Walker was out on probation in 1991 in a case in which he'd been sentenced, I believe, to seven years. And it's extremely unlikely that, in fact, it was Walker. The Indiana Court of Appeals found that sufficient in Walker 2. But that doesn't mean that it wouldn't have been attacked on a remand after Walker 1 had the issue been raised. Additionally, I'm sorry, I saw the yellow, not the red. We ask that the court reverse the judgment of this recording. Thank you. Thank you very much. You were fine as well. I was wrong. Thank you so much for your help to the court and to the client. Thanks as well to the state. We'll take the case under review.